**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1986-19T2

JOYCE DAMMS g/a/l "S.D."
and S.D.,

      Plaintiffs-Appellants,

v.

SANTA DAMMS,

      Defendant-Respondent.

_____

          Argued telephonically March 24, 2020 –
          Decided April 15, 2020

          Before Judges Fisher, Gilson and Rose.

          On appeal from an interlocutory order of the Superior
          Court of New Jersey, Law Division, Mercer County,
          Docket No. L-1278-17.

          Edward Harrington Heyburn argued the cause for
          appellant (Gage Fiore LLC, attorneys; Anthony Rocco
          Fiore, Jr., on the brief).

          David P. Schroth argued the cause for appellant
          (Destribats Campbell, LLC, attorneys; David P.
          Schroth, on the brief).

PER CURIAM

We granted leave to appeal to consider the effect of defense counsel's: failure to attend a Rule 4:21A arbitration; failure to oppose a motion to confirm the arbitration award; and, after being relieved of his earlier mistakes, failure to file a notice of trial de novo within the time required by court order. In such matters, judges and lawyers like to invoke the title of one of Shakespeare's early plays. But we find no humor in defendant's comedy of errors. Indeed, at first blush, there is a strong tendency to view defendant's situation like the Duke viewed the condemned Aegeon in the play's first act: "For we may pity though not pardon thee." William Shakespeare, The Comedy of Errors act I, scene 1 (1594). Yet, like the Duke, we too find in this play's last act a reason to grant relief and, so, we sustain the trial judge's determination that defense counsel's errors do not require dismissal.

I

The complaint in this matter was filed on June 9, 2017. Plaintiff alleged defendant's negligent supervision, which resulted in the minor plaintiff being sexually assaulted by her paternal grandfather over the course of several years.

On May 21, 2019, the trial court sent a notice to counsel scheduling arbitration, under Rule 4:21A, for July 9, 2019. Neither defendant nor her

A-1986-19T2

attorney appeared. Defense counsel was in another court, and apparent attempts to seek an adjournment at that time proved unsuccessful. In the absence of an appearance by the defense, the arbitrators awarded plaintiff $5,000,000. Plaintiff's counsel emailed a copy of the award to defense counsel that same day.[1] The next day – July 10, 2019 – plaintiff moved to confirm the arbitration award. No opposition was filed, and the motion was granted on July 26, 2019.

Three days later, defendant moved to vacate the confirmation order. In a supporting certification, defense counsel stated he was in the Third Circuit on the date of the arbitration and he explained how he attempted to seek an adjournment. Counsel did not, however, provide an explanation for why an adjournment was not sought sooner. Defense counsel also asserted that he did not receive plaintiff's motion to confirm the arbitration award even though it was electronically filed. Based on these circumstances – and urging the fact that defendant is an octogenarian and confined to a wheelchair – defense counsel argued there was good cause for vacating the confirmation order.

---

[1] On the return date of one of the subsequent motions, defense counsel acknowledged he electronically received a copy of the arbitration award the day it was issued: "[Plaintiff's attorney] sent it to me through [sic] telephone while I was in Philadelphia" at the United States Court of Appeals for the Third Circuit.

3

The notice for the arbitration was received by defense counsel. Of that, there is no dispute. There was, however, some lack of clarity as to whether defense counsel received plaintiff's motion to confirm the arbitration award. The motion judge determined, on the September 16, 2019 return date, that there was good cause to vacate the order of confirmation. The judge also determined that she would not require the parties "to go back to arbitration," but would instead place the matter on the active trial list. Defense counsel then asked the judge whether he "should file a [demand for] trial de novo forthwith?" The judge responded:

> I probably should give you . . . 30 days from this date to file a trial de novo. . . . So you'll get, let's see, 30 days. I don't know if I'll get the order out today, but 30 days from, probably it's going to be from the 17th,[2] but I would urge you to do it much sooner than that.
>
> [DEFENSE COUNSEL]: I'll have it done this week, Judge.

An order confirming the disposition of the motion was entered on September 18, 2019. That order unambiguously stated that: the order confirming the arbitration award was vacated; defendant was granted leave to

---

[2] We assume that in saying "probably it's going to be from the 17th," the judge meant the thirty-day period within which defendant would be permitted to file a notice for trial de novo would start on September 17, 2019.

A-1986-19T2

file a notice for a trial de novo; and – in its final paragraph – "[d]efendant shall file a notice for a trial de novo by October 16, 2019."

Despite receiving this order, which unmistakably imposed a deadline of October 16, 2019, defendant filed a notice for trial de novo on October 17, 2019. Plaintiff viewed that filing as ineffectual in light of the judge's order and again moved to confirm the arbitration award.

Defendant opposed plaintiff's renewed confirmation motion and cross-moved to relax the time frame set in the judge's earlier order. Defense counsel submitted his own certification in which he asserted that he relied on the judge's "clear instruction" in her oral opinion that defendant "would get 30 days from the date of the filed [o]rder, not the date of argument." He argued that the order should not be given equal weight to the oral decision because the order allowed only twenty-eight days; since the notice was filed on October 17, 2019 – twenty-nine days after the date of the order permitting the late filing – defendant argued he complied with the judge's directions. In defense counsel's own words, he:

> believed he had 30 days from the date of the [o]rder[,] which was entered on September 18, 2019[,] and [he] did not notice the discrepancy in the [o]rder versus the clear statement on the record that counsel would have 30 days from the entry of the [o]rder.
>
> The [c]ourt clearly indicated on the record the deadline would be 30 days from the entry of the [o]rder.

5

Considering all that had occurred up until this point, the experienced trial judge's response on the motions' return date was hardly surprising:

> I'm really incredulous about this to tell you the truth. [Defendant] got, in my view, pretty extraordinary relief when I vacated . . . the order confirming the arbitration award because you were actually in a better position having not gone to the arbitration than you would have been if you had.  And, negligence led you to miss the 30 days, which, you know, I recognize the test was different and I gave you the additional time and then, you know, I'm just incredulous you didn't do what you said you would do, which was file the one piece of paper right away.  I really don't know what to say.

Ultimately, the judge granted the relief defendant sought but not without first pointing out how "mind boggling" the situation was.  Not only did one error follow another but, as the judge pointed out, the errors occurred "in a case of this significance, it[']s an unusual case, it's a huge arbitration award."  The judge candidly acknowledged that prior relief was granted because of those circumstances out of "concern[] . . . about the impact on this defendant of not allowing the case to go forward."  But – despite the clarity of the written order – the judge concluded that the late notice should be deemed timely and granted the relief by way of her November 12, 2019 order.

The November 12, 2019 order scheduled a January 2020 trial date. Plaintiff, however, moved for leave to appeal the November 12 order, and we

A-1986-19T2

granted that motion and accelerated this interlocutory appeal. We affirm but only on the narrowest of grounds.

II

The sufficiency of the November 12, 2019 order requires consideration of the ruling that led to the September 18, 2019 order. We turn to the latter first.

A

In considering whether to vacate the order that confirmed the arbitration award, the judge was required at that time to ascertain the reasons – and the sufficiency of the reasons – for the lack of an appearance by either defendant or defense counsel at the arbitration.[3] The record is replete with evidence – including defense counsel's acknowledgement – that notice of the arbitration date was timely received but mis-diaried by his office. Missing a <u>Rule</u> 4:21A arbitration has its consequences. Arbitration – while not binding absent further affirmative acts – is mandatory: "An appearance on behalf of each party is required at the arbitration hearing." <u>R.</u> 4:21A-4(f).

---

[3] Defendant's failure to oppose the confirmation motion apparently resulted from some glitch in the electronic filing system. We have been presented with no reason to question the judge's determination that there were reasonable grounds to excuse that failure.

A-1986-19T2

Rule 4:21A-4(f) imposes consequences for a failure to appear.  When the party "defending against a claim of damages" – like defendant here – fails to appear, that "party's pleading shall be stricken, the arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo."  Ibid.  This Rule permits relief from the consequences but "only on motion showing good cause."[4]  Ibid.

We have recognized the difficulty of defining "good cause" with any precision in this or any other situation.  See Del. Valley Wholesale Florist v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002).  For that reason, a judge must assess the reasons offered in explanation for the acts or omissions that led to the non-appearance in light of the circumstances of the particular case and in "the context of the purposes of the Court Rule being applied."  Ibid.  The good cause standard in Rule 4:21A-4(f) is to be equated with the good cause standard contained in Rule 4:50-1, so that the reasons offered by the movant in

_____

[4]  The motion must be filed within twenty days "of the date of service on the non-appearing party by the appearing party."  Ibid.  It is clear that defendant did not file a motion within twenty days of service of the arbitration award, of which he was indisputably aware on the day it issued, but the Rule deals only with relief "from any order entered pursuant" to the Rule, meaning the motion must be filed within twenty days of service of the order confirming the award.  Such an order was entered on July 26, 2019, and defendant's motion to vacate that order was filed three days later.

explanation or mitigation must "be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Ibid. (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)). We will intervene only when the judge's decision constitutes an abuse of discretion.

Defendant's position in seeking relief from the confirmation order was based on the neglect of her attorney, who claimed his office mis-diaried the arbitration date and, because of that error, he found himself in another court far enough away to keep him from appearing once informed that the arbitration was occurring that day. While our courts have said an attorney's "carelessness and inadvertence" is insufficient to constitute excusable neglect, Burns v. Belafsky, 326 N.J. Super. 462, 471 (App. Div. 1999), aff'd, 166 N.J. 466, 478 (2001), we have also repeatedly held that "the sins of the attorney" should not be visited "upon [the] blameless client," Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 196 (App. Div. 1985). Consequently, "inadvertence of counsel may justly be deemed to constitute good cause where the delay does not prejudice the adverse party and a rational application under the circumstances present favors a determination that provides justice to the litigant." Burns, 326 N.J. Super. at 471 (citing Martindell v. Martindell, 21 N.J. 341, 349 (1956)). We

have applied these standards when, like here, a party neglects to appear for a Rule 4:21A arbitration. SWH Funding v. Walden Printing Co., 399 N.J. Super. 1, 10 (App. Div. 2008).

Although counsel's failure to appear was the product of carelessness or inadvertence, we cannot say that the judge abused her discretion in providing relief under Rule 4:21A-4(f) when balancing the omission and its impact on plaintiff with the harm that would result to defendant if the confirmation order was allowed to stand. Any prejudice to plaintiff was ameliorated by the judge's award of counsel fees.

B

But, as we have noted, this was not the end of the parade of errors. Having been given time to file a notice of trial de novo, defense counsel missed the filing deadline imposed by the judge by one day. Counsel argued in the trial court, and argues here, that the deadline was ambiguous because the judge said something different in her oral decision than was contained in the confirming order. We reject this argument.

The judge, in ruling on the time she would allow for counsel to file the notice, expressed uncertainty about when her order would be entered ("I don't know if I'll get the order out today," meaning September 16, 2019). She then

10

generalized about the amount of time that would be provided ("I probably should give you . . . 30 days from this date"), estimated the due date ("probably [the thirty days are] going to be from the 17th"), and cautioned defense counsel to move quickly ("I would urge you to do it much sooner than that"). The order was entered two days later, on September 18, 2019, and contained a filing deadline of October 16, 2019, twenty-eight days after the order's entry.

Defense counsel received the order in timely fashion but apparently neglected to read the entire order, since there was no ambiguity about the time within which the notice of trial de novo had to be filed and yet counsel was somehow off by a day. His argument in the trial court and here is that he relied on what the judge said when rendering her oral decision. Again, this was pure carelessness. The judge was uncertain on September 16 about the precise deadline because she was uncertain about when the order would be entered. Considering all that had occurred, one would have expected that the very next thing counsel did would be to file the notice. Defense counsel even said as much when he told the judge – after she estimated the amount of time that would be allowed – "I'll have it done this week, Judge." Despite this expression of good sense, defense counsel flirted with disaster by pushing things off until what he thought was the deadline.

11

In considering whether defendant was entitled to relief from the failure to comply with the September 18, 2019 order, we first reject the notion that the deadline expressed during an oral decision overrides a different deadline contained in a memorializing order. We are mindful that when questions arise about a sentence imposed in a criminal matter, the understanding is that discrepancies are resolved by resort to the trial judge's "oral pronouncement of sentence." State v. Rivers, 252 N.J. Super. 142, 147 n.1 (App. Div. 1991). But that is because the oral pronouncement is "the true source of the sentence" and the creation of the judgment of conviction is "merely the work of a clerk." State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956).

In this case, it is obvious that the order would be the work of the judge and its terms would express what defendant was obligated to do, otherwise why would the judge have noted uncertainty about when she would be able to "get the order out." In fact, the order states that it was "prepared by the court"; in that order, the judge provided the clear and definite terms required by the essence of her oral ruling, which was only expressed in generalities. Absent the exception in criminal matters alluded to above, the bench and bar well understand that "[i]t is only what a court adjudicates, not what it says in an opinion, that has any direct legal effect." Hayes v. Delamotte, 231 N.J. 373, 387

12

(2018) (quoting Suburban Dep't Stores v. City of E. Orange, 47 N.J. Super. 472, 479 (App. Div. 1957)); see also Hughes v. Eisner, 8 N.J. 228, 229 (1951) (recognizing that appeals "are taken from judgments and not from opinions"); Robinson-Shore Dev. Co. v. Gallagher, 41 N.J. Super. 324, 333 (Ch. Div. 1956) (holding that the "written or oral conclusions or opinion of a court do not have the effect of a judgment"), aff'd, 45 N.J. Super. 507 (App. Div. 1957), rev'd on other grounds, 26 N.J. 59 (1958). So, the controlling directive here was that which the judge expressed in her order, not the oral decision on which it was based. And counsel should have understood that.

We conclude that counsel's misreading of or his failure to notice the date contained in the timely-received order constituted inadvertence or carelessness, not much different in degree from the inadvertence and carelessness that caused him to miss the arbitration. While in both instances defense counsel's carelessness was similar, what the court must look for when determining whether relief is available when a party fails to timely serve a notice of trial de novo is different.

As stated above, a party who has failed to appear for an arbitration need only show "good cause," and there may be times when the interests of justice permit relief despite the attorney's carelessness or inadvertence. But, when

failing to timely file a notice of trial de novo, the applicable standard is less forgiving. The party seeking relief from the consequences of that failure must show "extraordinary circumstances" and "those circumstances" must be shown not to have "arise[n] from an attorney's 'mere carelessness' or 'lack of proper diligence.'" Hartsfield v. Fantini, 149 N.J. 611, 618 (1997) (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)); see also Wallace v. JFK Hartwyck at Oak Tree, 149 N.J. 605, 609-10 (1997).[5] We view defendant's failure to file the notice of trial de novo within the time set forth in the September 18, 2019 order as a product of her attorney's carelessness and lack of proper diligence. Defense counsel's failure here is not qualitatively different from that found insufficient by the Supreme Court in Hartsfield.

---

[5] We would note that in explaining its imposition of a standard more stringent than the good cause standard applicable when a party fails to appear for arbitration, the Court alluded to the fact that the failure to appear should be viewed as if the party had inadvertently defaulted and applied the Rule 4:50 good cause standard because those movants "have not had an opportunity to argue the merits of their case in court." Hartsfield, 149 N.J. at 618. On the other hand, the Court recognized that "most parties seeking relief for failure to file a timely petition for trial de novo have had an opportunity to argue the merits of their case before an arbitrator." Ibid. Defendant here missed the opportunity to argue her case before the arbitrator, so it is perhaps questionable whether a party so situated as this defendant should be entitled to the looser "good cause" standard rather than the "exceptional circumstances" standard. Had it been asserted, this would be a novel argument. But since defendant has not urged the application of a different standard in these unusual circumstances, and neither party has briefed it, we decline to consider it further.

14

The one thing that is different, however, is the fact that the judge's ruling on the motion to vacate the confirmation order reflected an intent to provide defendant with the rights permitted a party at the conclusion of an arbitration: the right to file a demand for a trial de novo "within 30 days." Despite her understandable incredulity over what followed, the judge recognized her own "contribut[ion]" to defendant's "confusion" about when the thirty-day period would end. Indeed, while intending to provide thirty days, the judge's order allowed only twenty-eight days. By filing the notice on the twenty-ninth day following the order's entry, it can be said defense counsel substantially complied even though the deadline imposed by the judge's order was breached. Coupling those circumstances with the impact a contrary decision would have on defendant, the judge deemed it appropriate to view the filing, on October 17, 2019, of defendant's notice of trial de novo as timely.

Although it is difficult to imagine a closer case, we cannot conclude that the judge abused her discretion in this regard.

Affirmed.[6]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] A few days before oral argument, defendant moved in this court for a remand, citing new evidence that would further amplify an alleged meritorious defense. In light of our disposition of this appeal, that motion will be dismissed as moot.

A-1986-19T2